# EXHIBIT A-1

CAUSE NO. **D-1-GN-15-001018**

| | | |
|---|---|---|
| ERIC WITHERSPOON and | § | IN THE DISTRICT COURT OF |
| ALICE WITHERSPOON | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| FERNANDO ALVAREZ, MINDI | § | |
| PELLETIER and BOSSYTOE | § | |
| PRODUCTIONS, LLC | § | **53RD**   JUDICIAL DISTRICT |
|     Defendant. | § | |

## PLAINTIFFS' ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, ERIC WITHERSPOON and ALICE WITHERSPOON, who hereby complain of FERNANDO ALVAREZ, MINDI PELLETIER and BOSSYTOE PRODUCTIONS, LLC, and for this cause of action would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level Two (2), pursuant to Texas Rule of Civil Procedure 190.3. This suit is not governed by the expedited-actions process in TRCP 169 because Plaintiffs seek monetary relief over $1,000,000.

### II. PARTIES & SERVICE

Plaintiff ERIC WITHERSPOON is a resident of Deptford Township, New Jersey.

Plaintiff ALICE WITHERSPOON is a resident of Deptford Township, New Jersey.

Defendant FERNANDO ALVAREZ ("Alvarez") is, upon information and belief, an individual residing at 21316 Dalton Avenue, Torrance, California 90501, and may be served there. Plaintiff is requesting citation only and will arrange for private process service.

Defendant MINDI PELLETIER ("Pelletier") is, upon information and belief, an individual residing at 6931 SE 48th Avenue, Portland, Oregon 97206, and may be served there. Plaintiff is requesting citation only and will arrange for private process service.

Defendant BOSSYTOE PRODUCTIONS, LLC ("Bossytoe") is, upon information and belief, a corporation duly organized and lawfully doing business in the State of California, and may be served with process by and through its registered agent Beth Sabbagh at 16000 Ventura Blvd., Ste. 600, Encino, CA 91436. Plaintiff is requesting citation only, and will arrange for private process service at this address.

### III. JURISDICTION & VENUE

This Court has jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

This Court has jurisdiction over Alvarez, a nonresident, because he purposefully availed himself of the privileges and benefits of conducting activities in Texas by operating a motor vehicle in Texas that was involved in a collision or accident. The facts of said accident are set forth below.

This Court has jurisdiction over Pelletier, a nonresident, because she purposefully availed herself of the privileges and benefits of conducting activities in Texas by committing a tort, which is the subject of this suit, in whole or in part in Texas. Pelletier negligently entrusted a vehicle to Defendant Alvarez, who was then involved in an automobile accident.

This Court has jurisdiction over Bossytoe, a nonresident, because it purposefully availed itself of the privileges and benefits of conducting activities in Texas by directing its employees or agents to conduct business in Texas. The employees' or agents' conduct directly led to the subject automobile accident.

Pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1), venue is proper in this Court because the incident made the basis of this lawsuit occurred in Travis County.

### IV. FACTUAL BACKGROUND

On or about March 15, 2013, during South by Southwest, Plaintiff Eric Witherspoon was a pedestrian walking westbound on the southern sidewalk of East 6th Street, near the intersection of Congress Avenue, in Austin, Texas. Defendant Alvarez was driving a rented Chevy Suburban northbound on Congress Avenue. Alvarez stopped for a red light at the intersection with 6th Street. Thereafter, Alvarez started to maneuver his vehicle in an aggressive manner as Eric Witherspoon was crossing the street. At all relevant times, Eric Witherspoon was lawfully and prudently using the designated crosswalk. Alvarez then accelerated his vehicle and struck Plaintiff, knocking him to the ground, and causing serious bodily injuries.

Immediately after impact, Alvarez fled the scene in his vehicle. After driving approximately one block, Alvarez parked the vehicle, got out, and left the scene on foot. Witnesses to the accident observed that Alvarez had bloodshot eyes and he stumbled as he began walking away from the vehicle.

Defendant Pelletier was the person who rented the Chevy Suburban that Alvarez was driving at the time of the accident. At all relevant times, Pelletier exercised control over the subject vehicle. Prior to the accident, Pelletier allowed Alvarez to operate the vehicle.

Defendant Bossytoe is a music production company. On information and belief, Bossytoe employed or otherwise engaged Defendants Alvarez and Pelletier to conduct business in Austin on the date of the subject accident.

As a result of the actions and inactions of Defendants, Eric Witherspoon and his family have been permanently damaged. Eric Witherspoon has sustained personal injuries, incurred medical bills, suffered extreme physical pain and mental anguish, and is physically impaired.

At the time of the subject accident, Plaintiffs Eric Witherspoon and Alice Witherspoon were married, and they continue to be married. Alice Witherspoon, who has stood shoulder to shoulder with her husband in enduring this nightmare, has suffered incredible damages at the hands of Defendants, including loss of affection, protection, emotional support, care, and society from her husband. Further, as a result of the accident, Alice Witherspoon has suffered the loss of household and domestic duties which typically had been performed by her husband.

## V.  NEGLIGENCE – DEFENDANT ALVAREZ

At the time of the incident, Defendant Alvarez's above-described acts and omissions constituted negligence, in one or more of the following respects:

A.    He failed to yield right of way to a pedestrian;

B.    He failed to keep a proper lookout;

C.    He failed to stop and render aid;

D.    He failed to timely apply his brakes;

E.    He failed to take proper evasive action to avoid the collision;

F.    He otherwise failed to operate his motor vehicle as a reasonable driver of ordinary prudence would have done in the same or similar circumstances.

## VI. NEGLIGENCE PER SE – DEFENDANT ALVAREZ

Defendant Alvarez's actions and inactions described above violated Texas Transportation Code Section 552.002. Said statute requires the driver of a vehicle to yield to pedestrians in a crosswalk.

The statute is designed to protect a class of persons to which Plaintiff Eric Witherspoon belongs, against the type of injuries he suffered. Further, the statute is of the type that imposes tort liability. Defendant Alvarez's violation of the statute was without legal excuse. Alvarez's breach of the duty imposed by the statute caused injuries to Plaintiff Eric Witherspoon, which resulted in the damages suffered by both Eric Witherspoon and Alice Witherspoon.

## VII. NEGLIGENT ENTRUSTMENT – DEFENDANT PELLETIER

Pelletier rented the vehicle that struck and injured Eric Witherspoon. Pelletier exercised control over the vehicle and entrusted it to Alvarez on the date of the subject accident. At the time of the entrustment, Pelletier knew or should have known that Alvarez was intoxicated or otherwise impaired. Indeed, immediately following the accident, witnesses observed that Alvarez had bloodshot eyes, and the witnesses saw Alvarez stumble away from the vehicle as he fled on foot. Pelletier could have reasonably anticipated that entrusting the vehicle to an intoxicated and impaired driver would result in a foreseeably high risk of danger to the public at large. Defendant Alvarez's negligence proximately caused the injuries to Eric Witherspoon. Said conduct led to the damages suffered by both Eric Witherspoon and Alice Witherspoon.

## VIII. RESPONDEAT SUPERIOR

At the time of the acts and/or omissions made the basis of this lawsuit, Defendants Alvarez and Pelletier were acting within the course and scope of their employment with Defendant Bossytoe, and in furtherance of its business. Thus, under the doctrine of *respondeat superior*, Bossytoe is liable for the acts and/or omissions of Alvarez and Pelletier enumerated herein.

Alternatively, Defendants Alvarez and Pelletier were performing specific tasks as agents for Bossytoe, and were subject to its control and direction. Thus, under the doctrine of agency, Bossytoe was the principal and is liable for the acts and/or omissions of Alvarez and Pelletier enumerated herein.

## IX. DAMAGES – ERIC WITHERSPOON

The above-described negligence proximately caused the following damages to Plaintiff Eric Witherspoon:

A.      Past reasonable and necessary medical expenses;

B.      Future reasonable and necessary medical expenses;

C.      Past physical pain and mental anguish;

D.      Future physical pain and mental anguish;

E.      Past physical impairment;

F.      Physical impairment in the future; and

G.      Loss of earning capacity.

## X. DAMAGES – ALICE WITHERSPOON

The above-described negligence proximately caused the following damages to Plaintiff Alice Witherspoon:

A.      Loss of consortium; and

B.      Loss of household services.

## XI. EXEMPLARY DAMAGES

Plaintiffs' injuries resulted from the gross negligence of Defendants Alvarez and Pelletier. Defendant Alvarez was driving while intoxicated or otherwise impaired, and Pelletier entrusted the vehicle to Alvarez despite knowledge or constructive knowledge of his impaired state. Such gross negligence entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## XII. DISCOVERY REQUESTS

Plaintiffs hereby attach to this petition, and incorporate therein by reference, the following discovery requests:

A.     REQUEST FOR DISCLOSURE TO EACH DEFENDANT – Each Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiffs.

B.     INTERROGATORIES TO DEFENDANT ALVAREZ – Defendant Alvarez is hereby requested to answer, separately, fully, in writing, and under oath, the Interrogatories attached hereto as "Exhibit A," and serve said answers within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel of record for Plaintiff, pursuant to Rule 197 of the Texas Rules of Civil Procedure.

C.     REQUEST FOR PRODUCTION TO DEFENDANT ALVAREZ – Defendant Alvarez is hereby requested to produce the documents or tangible items listed in the attachment hereto as "Exhibit B," within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel of record for Plaintiff, pursuant to Rule 196 of the Texas Rules of Civil Procedure.

D.     INTERROGATORIES TO DEFENDANT PELLETIER – Defendant Pelletier is hereby requested to answer, separately, fully, in writing, and under oath, the Interrogatories attached hereto as "Exhibit C," and serve said answers within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel of record for Plaintiff, pursuant to Rule 197 of the Texas Rules of Civil Procedure.

E.     REQUEST FOR PRODUCTION TO DEFENDANT PELLETIER – Defendant Pelletier is hereby requested to produce the documents or tangible items listed in the attachment hereto as "Exhibit D," within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel of record for Plaintiff, pursuant to Rule 196 of the Texas Rules of Civil Procedure.

F.     INTERROGATORIES TO DEFENDANT BOSSYTOE – Defendant Bossytoe is hereby requested to answer, separately, fully, in writing, and under oath, the Interrogatories attached hereto as "Exhibit E," and serve said answers within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel of record for Plaintiff, pursuant to Rule 197 of the Texas Rules of Civil Procedure.

G.    <u>REQUEST FOR PRODUCTION TO DEFENDANT BOSSYTOE</u> – Defendant Bossytoe is hereby requested to produce the documents or tangible items listed in the attachment hereto as "Exhibit F," within fifty (50) days of service of this petition and incorporated request, to the undersigned counsel of record for Plaintiff, pursuant to Rule 196 of the Texas Rules of Civil Procedure.

## XII.  T.R.C.P. 193.7 NOTICE

Plaintiffs hereby give actual notice to all parties herein that any and all documents produced during discovery may be used by Plaintiffs against Defendant and/or any other party at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs have and recover judgment against Defendants as follows:

A.    Actual damages in an amount within the jurisdictional limits of this Court;

B.    Exemplary damages;

C.    Pre-judgment interest at the maximum rate allowed by law;

D.    Taxable costs of Court;

E.    Post-judgment interest on all the above, compounded annually, at the maximum rate allowed by law; and,

F.    Such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**ROBSON LAW FIRM**

JEREMY R. THOMPSON
Texas Bar Number 24061032
1114 Lost Creek Boulevard, Suite 440
Austin, Texas 78746
(512) 345-8200 – Telephone
(512) 345-8209 – Facsimile
jeremy@robsonlawfirm.com

ATTORNEY FOR PLAINTIFFS
ERIC WITHERSPOON
Driver's License No.: 582
Social Security No.:  129

and ALICE WITHERSPOON
Driver's License No.: 532
Social Security No.:  923

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT FERNANDO ALVAREZ**

1.  Please identify yourself, to include all of the following: (a) Full legal name and any other names you have used; (b) Current driver's license number, including type, state of issuance, and restrictions, if any; (c) Address(es) for the past five (5) years, giving the street, street number, city, state, zip code, and foreign country, if applicable; (d) Date and place of birth; and (e) your Social Security Number.

2.  Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the answers to these Interrogatories.

3.  State the name and address of the owner and all occupants (driver and passengers) of the vehicle which you were operating at the time of the collision. If the owner is not yourself, please state how the vehicle came to be in your possession in the occurrence made the basis of this lawsuit.

4.  Please state completely and fully how the occurrence made the basis of this lawsuit occurred, to include a description of the area in which the accident occurred, the weather conditions, visibility level, any obstructions or similar factors, the speed of your vehicle immediately prior to and at the time of the accident, the estimated speed of any other vehicle involved in the collision, where you were coming from and where you were traveling to at the time of the incident, everything you did to avoid the incident, and where you went immediately following the incident.

5.  If you are claiming that Plaintiff Eric Witherspoon was in any way contributorily or comparatively negligent with regard to the incident made the basis of this lawsuit, please state in what way(s) the Plaintiff was negligent.

6.  If you consumed any alcoholic beverage or any type of drug (whether prescription, non-prescription, over the counter, recreational, or illegal) in the twelve (12) hour period immediately preceding the accident, please state what was consumed, the time it was consumed, the quantity you consumed, the place where you consumed it, and identify by name, address, and telephone number any other person(s) present when you consumed it.

7.  Describe in detail any conversations you had with the Plaintiff or Plaintiff's representative following the collision, including but not limited to any statements made by Plaintiff that you believe to be an admission or declaration against interest.

8.  State whether you have entered into any type of indemnity agreement, settlement, or understanding with any person or entity relevant to Plaintiff's claims and/or injuries made the basis of this suit.

9. If you have been involved in any way in any other automobile accidents, either prior to or subsequent to the one made the basis of this suit, please state when and where such accident took place, the general nature of such accident, and, if any claim or lawsuit arose from such accident, the identifying information for such claim or lawsuit, and the disposition of such claim or lawsuit.

10. If you have ever been convicted of or pled to any felony whatsoever, or any misdemeanor involving moral turpitude, within the past 10 years please state the crime you were convicted of or pled to, the date and place of the offense, the case number and style of the proceeding, and the disposition / penalty in the case.

11. For the last five years, list your traffic violation record, including but not limited to any citation, ticket, or warning received in connection with the accident made the basis of this lawsuit. With respect to any such citation or ticket received in connection with the accident made the basis of this lawsuit, please state the disposition, your exact plea, any amount(s) you paid in fees or fines, and any other penalties assessed against you or corrective actions undertaken by you (i.e., jail time, community service, restitution, defensive driving course, etc.).

12. Please state whether any actions were taken with regard to your driver's license subsequent to the occurrence made the basis of this lawsuit; if the answer is "yes," describe what action(s) was/were taken, what was the result/disposition of the action(s), and what person, entity, or agency undertook the action(s).

13. Did you have a cellular phone or other personal electronic device capable of wireless communication with you at the time this collision occurred? If so, please identify the type of device, the wireless service provider for the device, the account holder's name and address, the account number, and the phone number if applicable.

14. Identify by name, address, and phone number each employer you have had during the five year period preceding the subject accident. As part of your response, please include your job title or job description for each employer listed.

15. Please state if you were acting in the course and scope of any employment or errand for anyone at the time of this collision, and if so, please identify by name and address the person/entity on whose behalf you were performing such employment or errand.

16. Please describe the reason why you were in Austin, Texas on the date of the accident.

17. Please describe the nature of your relationships with Mindi Pelletier and Bossytoe Productions.

18. If you contend that Plaintiff Eric Witherspoon was not injured to the extent claimed, please state the factual bases for your contention.

19. If you contend that Plaintiff Eric Witherspoon's medical treatment, or any portion thereof, was not reasonable or necessary, please state the factual bases for your contention.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT FERNANDO ALVAREZ

1.     Produce color copies of all photographs, slides, videotapes, audiotapes, charts or drawings that relate in any way to the subject matter of this lawsuit, including but not limited to photographs of the scene of the collision, vehicles involved in the collision, or persons involved in the collision.

2.     Produce a copy of your driver's license, front and back.

3.     Produce any and all insurance agreements or policies pertaining to the vehicle involved in the collision made the basis of this lawsuit that were in place at the time of the collision (to include any excess or umbrella policies).

4.     Produce copies of any witness statements, written or electronically transcribed, that are relevant to the collision in question that are not privileged by law.

5.     Produce any and all public documents relating to this incident in your possession, including but not limited to: police reports, witness reports, weather reports, criminal inquiries, and vehicle titles.

6.     Produce any and all documents reflecting repairs or appraisals of any of the vehicles involved in the incident made the basis of this lawsuit.

7.     Produce any and all documents reflecting or relating to your answer to Interrogatory No. 5 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, accident reconstruction reports, diagrams, witness statements, etc.).

8.     Produce any and all documents reflecting or relating to your answer to Interrogatory No. 6 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, store / bar receipts, medication prescriptions, etc.).

9.     Produce any and all documents reflecting or relating to your answer to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, handwritten or typed notes, journals, recorded telephone calls, etc.).

10.     Produce any and all documents reflecting or relating to your answer to Interrogatory No. 8 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, settlement agreements, releases, "Mary Carter" agreements, etc.).

11.     Produce any and all documents reflecting or relating to your answer to Interrogatory No. 9 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, insurance carrier correspondence, vehicle damage documents, citation / moving violation documents or records, etc.).

12. Produce any and all documents reflecting or relating to your answer to Interrogatory No. 10 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, arrest records, "mug shots," Court summons records, disposition documents, etc.).

13. Produce any and all documents reflecting or relating to your answer to Interrogatory No. 11 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, citation / moving violation documents or records, municipal court summons, etc.).

14. Produce any and all documents reflecting or relating to your answer to Interrogatory No. 12 of Plaintiff's First Set of Interrogatories (e.g., letters from any agency, records of any administrative or court proceedings, etc.).

15. Produce any and all documents reflecting or relating to your answer to Interrogatory No. 13 of Plaintiff's First Set of Interrogatories (e.g., a copy of your cellular telephone monthly statement that includes a call log for all outgoing and incoming telephone calls and/or text messages for the date of this incident).

16. Produce any and all documents reflecting or relating to your answer to Interrogatory No. 15 of Plaintiff's First Set of Interrogatories (e.g., any work orders, invoices, assignment sheets, or other such papers to establish for whom you were performing such job or errand, and what the job or errand was).

17. Produce any and all forms, reports, or other documents you filled out in connection with this accident, whether such form or report was prepared by you or provided to you by, or for the benefit of, the investigating officer, any insurance company, your employer, the owner of the vehicle, any investigative agency or company, or any other third party (excluding any privileged documents prepared specifically by or for your attorney for purposes of this lawsuit).

18. Produce copies of any depositions you intend to use in order to impeach any of Plaintiff's experts.

19. Produce copies of any criminal convictions you intend to use in order to impeach Plaintiff or any witnesses.

20. All records obtained from claims reporting services, including but not limited to the Southwest Index Bureau (SWIB), Choicepoint Consumer Center (CLUE), and ISO regarding the Plaintiff.

21. All background or personal history reports regarding the Plaintiff, obtained from any source.

22. Defendant's complete driving record for the 10 years preceding the incident made the basis of this suit, or an executed authorization allowing Plaintiff or his counsel to obtain such documents.

23. Produce a full and a complete certified copy of all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

24. In the event the claims upon which the lawsuit is based are being handled by any insurance carrier under a reservation of rights, please produce a full and complete copy of all communications to and from the carrier(s) concerning any and all such reservations.

25. Full and complete copies of any and all documents and records concerning the Plaintiff that you have obtained by any method and from any source.

26. Produce any and all medical records of Plaintiff (including records of treatment for any condition other than this accident case) you have obtained by any method and from any source.

27. Full and complete copies of any and all medical bills concerning the Plaintiff that you have obtained by any method and from any source.

28. Full and complete copies of any and all employment records and documents concerning the Plaintiff that you have obtained by any method and from any source.

29. Produce full and complete copies of any and all depositions on written questions, including all attachments and exhibits, concerning any issue, party, witness, or potential witness in this case, that you obtained from any source.

30. The Defendant's claim file(s) relative to the claim made the basis of this suit, prepared and compiled up to the date this suit was filed in this Court, including but not limited to all notes, records, entries, documents, memos, correspondence, photographs, videotapes, and written information contained therein.

31. Produce any and all other documents or tangible items, not already produced above, which you plan to submit to the jury or other trier of fact in this case, and/or which you contend to be relevant to any issues of liability, causation, or damages in this case.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MINDI PELLETIER

1.  Please identify yourself, to include all of the following: (a) Full legal name and any other names you have used; (b) Current driver's license number, including type, state of issuance, and restrictions, if any; (c) Address(es) for the past five (5) years, giving the street, street number, city, state, zip code, and foreign country, if applicable; (d) Date and place of birth; and (e) your Social Security Number.

2.  Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the answers to these Interrogatories.

3.  State the name and address of the driver and all occupants of the vehicle involved in the subject collision.

4.  Please state completely and fully how the occurrence made the basis of this lawsuit occurred, to include a description of the area in which the accident occurred, the weather conditions, visibility level, any obstructions or similar factors, the speed of your vehicle immediately prior to and at the time of the accident, the estimated speed of any other vehicle involved in the collision, where you were coming from and where you were traveling to at the time of the incident, everything you did to avoid the incident, and where you went immediately following the incident.

5.  If you are claiming that Plaintiff Eric Witherspoon was in any way contributorily or comparatively negligent with regard to the incident made the basis of this lawsuit, please state in what way(s) the Plaintiff was negligent.

6.  Please state why you rented the vehicle involved in the subject accident, from whom you rented it, the date on which you took possession of the vehicle, and the date you returned the vehicle to the rental company.

7.  Describe in detail any conversations you had with the Plaintiff or Plaintiff's representative following the collision, including but not limited to any statements made by Plaintiff that you believe to be an admission or declaration against interest.

8.  State whether you have entered into any type of indemnity agreement, settlement, or understanding with any person or entity relevant to Plaintiff's claims and/or injuries made the basis of this suit.

9.  Please state how Fernando Alvarez came into possession of the vehicle involved in the subject accident, and for how long he possessed it prior to the subject accident.

10. If you have ever been convicted of or pled to any felony whatsoever, or any misdemeanor involving moral turpitude, within the past ten (10) years (including as a result of the occurrence made the basis of this lawsuit), please state the crime you were convicted of or pled to, the date and place of the offense, the full case number and style of the proceeding against you, and the disposition / penalty in the case.

11. What steps did you take to ensure that Fernando Alvarez was a competent driver before he began driving the subject vehicle?

12. What steps did you take to ensure that Fernando Alvarez was not intoxicated or otherwise impaired before he took possession of the vehicle on the date of the subject accident?

13. Identify by name, address, and phone number each employer you have had during the five year period preceding the subject accident. As part of your response, please include your job title or job description for each employer listed.

14. Please state if you were acting in the course and scope of any employment or errand for anyone at the time of this collision, and if so, please identify by name, address, and telephone number the person or entity on whose behalf you were performing such employment or errand.

15. Please describe the reason why you were in Austin, Texas on the date of the accident.

16. Please describe the nature of your relationships with Fernando Alvarez and Bossytoe Productions.

17. If you contend that Plaintiff Eric Witherspoon was not injured to the extent claimed, please state the factual bases for your contention.

18. If you contend that Plaintiff Eric Witherspoon's medical treatment, or any portion thereof, was not reasonable or necessary, please state the factual bases for your contention.

**"EXHIBIT D"**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT MINDI PELLETIER**

1.   Produce color copies of all photographs, slides, videotapes, audiotapes, charts or drawings that relate in any way to the subject matter of this lawsuit, including but not limited to photographs of the scene of the collision, vehicles involved in the collision, or persons involved in the collision.

2.   Produce a copy of your driver's license, front and back.

3.   Produce any and all insurance agreements or policies pertaining to the vehicle involved in the collision made the basis of this lawsuit that were in place at the time of the collision (to include any excess or umbrella policies).

4.   Produce copies of any witness statements, written or electronically transcribed, that are relevant to the collision in question that are not privileged by law.

5.   Produce any and all public documents relating to this incident in your possession, including but not limited to: police reports, witness reports, weather reports, criminal inquiries, and vehicle titles.

6.   Produce any and all documents reflecting repairs or appraisals of any of the vehicles involved in the incident made the basis of this lawsuit.

7.   Produce any and all documents reflecting or relating to your answer to Interrogatory No. 5 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, accident reconstruction reports, diagrams, witness statements, etc.).

8.   Produce any and all documents reflecting or relating to your answer to Interrogatory No. 6 of Plaintiff's First Set of Interrogatories.

9.   Produce any and all documents reflecting or relating to your answer to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, handwritten or typed notes, journals, recorded telephone calls, etc.).

10.   Produce any and all documents reflecting or relating to your answer to Interrogatory No. 8 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, settlement agreements, releases, "Mary Carter" agreements, etc.).

11.   Produce any and all documents reflecting or relating to your answer to Interrogatory No. 10 of Plaintiff's First Set of Interrogatories (e.g., including but not limited to, arrest records, "mug shots," Court summons records, disposition documents, etc.).

PLAINTIFFS' ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS

12. Produce any and all documents reflecting or relating to your answer to Interrogatory No. 14 of Plaintiff's First Set of Interrogatories (e.g., any work orders, invoices, assignment sheets, or other such papers to establish for whom you were performing such job or errand, and what the job or errand was).

13. Produce any and all forms, reports, or other documents you filled out in connection with this accident, whether such form or report was prepared by you or provided to you by, or for the benefit of, the investigating officer, any insurance company, your employer, the owner of the vehicle, any investigative agency or company, or any other third party (excluding any privileged documents prepared specifically by or for your attorney for purposes of this lawsuit).

14. Produce copies of any depositions you intend to use in order to impeach any of Plaintiff's experts.

15. Produce copies of any criminal convictions you intend to use in order to impeach Plaintiff or any witnesses.

16. All records obtained from claims reporting services, including but not limited to the Southwest Index Bureau (SWIB), Choicepoint Consumer Center (CLUE), and ISO regarding the Plaintiff.

17. All background or personal history reports regarding the Plaintiff, obtained from any source.

18. Produce a full and a complete certified copy of all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

19. In the event the claims upon which the lawsuit is based are being handled by any insurance carrier under a reservation of rights, please produce a full and complete copy of all communications to and from the carrier(s) concerning any and all such reservations.

20. Full and complete copies of any and all documents and records concerning the Plaintiff that you have obtained by any method and from any source.

21. Produce any and all medical records of Plaintiff (including records of treatment for any condition other than this accident case) you have obtained by any method and from any source.

22. Full and complete copies of any and all medical bills concerning the Plaintiff that you have obtained by any method and from any source.

23. Full and complete copies of any and all employment records and documents concerning the Plaintiff that you have obtained by any method and from any source.

24. Produce full and complete copies of any and all depositions on written questions, including all attachments and exhibits, concerning any issue, party, witness, or potential witness in this case, that you obtained from any source.

25. The Defendant's claim file(s) relative to the claim made the basis of this suit, prepared and compiled up to the date this suit was filed in this Court, including but not limited to all notes, records, entries, documents, memos, correspondence, photographs, videotapes, and written information contained therein.

26. Produce any and all other documents or tangible items, not already produced above, which you plan to submit to the jury or other trier of fact in this case, and/or which you contend to be relevant to any issues of liability, causation, or damages in this case.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
## DEFENDANT BOSSYTOE PRODUCTIONS LLC

1. Please identify each and every person who prepared or assisted in the preparation of your interrogatory responses. The response should include the name, address, phone number, employer, and job title of each person identified.

2. Was Fernando Alvarez employed by you or any of your affiliate companies at the time of the subject accident? If so, please identify his job title, job description, dates of employment, and reason(s) for termination of his employment if applicable. If he was not employed by you at the time of the subject accident, please explain how he came into possession of the vehicle he was driving at the time of the subject accident.

3. Was Fernando Alvarez acting within the course and scope of any agency, employment or service at the time of the incident? If so, state the full and proper name, address and telephone number of the principal employer. If not, please state the factual bases for your contention.

4. Please specify each job or task Fernando Alvarez was assigned to perform on the date of the subject accident.

5. Was Mindi Pelletier employed by you or any of your affiliate companies at the time of the subject accident? If so, please identify her job title, job description, dates of employment, and reason(s) for termination of her employment if applicable. If she was not employed by you at the time of the subject accident, please explain how she came into possession of the vehicle that was involved in the subject accident.

6. Was Mindi Pelletier acting within the course and scope of any agency, employment or service at the time of the incident? If so, state the full and proper name, address and telephone number of the principal employer. If not, please state the factual bases for your contention.

7. Please specify each job or task Mindi Pelletier was assigned to perform on the date of the subject accident.

8. If you contend that Plaintiff Eric Witherspoon was not injured to the extent claimed, please state the factual bases for your contention.

9. If you contend that Plaintiff Eric Witherspoon's medical treatment, or any portion thereof, was not reasonable or necessary, please state the factual bases for your contention.

10. Describe in detail any conversations you, or anyone acting on your behalf, have had with the Plaintiff at any time following the subject accident.

11. Please describe the nature of your relationships with Fernando Alvarez and Mindi Pelletier.

PLAINTIFFS' ORIGINAL PETITION AND INITIAL DISCOVERY REQUESTS

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT BOSSYTOE PRODUCTIONS LLC

1. Produce color copies of all photographs, slides, videotapes, audiotapes, charts or drawings that relate in any way to the subject matter of this lawsuit, including but not limited to photographs of the scene of the collision, vehicles involved in the collision, or persons involved in the collision.

2. All statements, oral or written, previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical, or other type of recording, and any transcription thereof.

3. Produce any and all public documents relating to this incident in your possession, including but not limited to: police reports, witness reports, weather reports, criminal inquiries, and vehicle titles.

4. Produce any and all documents reflecting repairs or appraisals of any of the vehicles involved in the incident made the basis of this lawsuit.

5. All investigative or other reports that were generated by or on behalf of Defendant relating to the subject accident or the subject matter of this lawsuit.

6. The claims files, written and electronic, of Defendant and Defendant's insurance carrier(s), including all documents contained therein, which were prepared prior to the date which Defendant subjectively and objectively anticipated litigation.

7. Documents which establish the date on which Defendant and/or Defendant's insurance carrier(s) subjectively and objectively anticipated litigation.

8. Produce the complete, unaltered personnel file/employment file of the vehicle operator involved in this incident including, but not limited to, all documents, memos, and notes reflecting dates of employment, salary history, time sheets, compensation, bonuses, benefits, attendance records, resumes, applications, references, reference checks, background checks, investigations, performance evaluations, employment agreements, documents relating to any termination of employment, reasons for termination, and all other documents relating in any way to the employment and job performance of said person.

9. Produce any and all medical records of Plaintiff (including records of treatment for any condition other than this accident case) you have obtained by any method.

10. Produce copies of any depositions you intend to use in order to impeach any of Plaintiff's experts.

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* | **D-1-GN-15-001018** | COURT *(FOR CLERK USE ONLY):* | **53RD** | **District Clerk** |
|---|---|---|---|---|

Travis County
D-1-GN-15-001018

STYLED Eric Witherspoon and Alice Witherspoon vs. Fernando Alvarez, Mindi Pelletier and Bossytoe Production, LLC

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name: | Email: | Plaintiff(s)/Petitioner(s): | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner |
| Jeremy R. Thompson | jeremy@robsonlawfirm.com | Eric Witherspoon and | ☐Title IV-D Agency ☐Other: |
| Address: | Telephone: | Alice Witherspoon | |
| 1114 Lost Creek Blvd. #440 | (512) 345-8200 | | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | Defendant(s)/Respondent(s): | Custodial Parent: |
| Austin, TX 78746 | (512) 345-8209 | Fernando Alvarez, | |
| Signature: | State Bar No: | Mindi Pelletier and | Non-Custodial Parent: |
| | 24061032 | Bossytoe Production, LLC | Presumed Father: |

[Attach additional page as necessary to list all parties]

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

### Civil

**Contract**

*Debt/Contract*
- ☐Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

**Injury or Damage**

- ☐Assault/Battery
- ☐Construction
- ☐Defamation

*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:

- ☒Motor Vehicle Accident
- ☐Premises

*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product:

- ☐Other Injury or Damage:

**Real Property**

- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**

- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other:

### Family Law

**Marriage Relationship**

- ☐Annulment
- ☐Declare Marriage Void

*Divorce*
- ☐With Children
- ☐No Children

**Other Family Law**

- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

**Post-Judgment Actions (non-Title IV-D)**

- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**

- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Parent-Child Relationship**

- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

**Employment**

- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

**Other Civil**

- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property

- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other:

**Tax**

- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings

- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action

- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment

- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*

- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, 000 but not more than $200,000
- ☐Over $200,000 but not more than $1,000,000
- ☒Over $1,000,000

Rev 2/13