6550

## IN THE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ERIC WITHERSPOON and ALICE WITHERSPOON** | § § § | |
| **v.** | § § | **Civil Action No. 1:15-cv-315-SS** |
| **FERNANDO ALVAREZ, MINDI PELLETIER and BOSSYTOE PRODUCTIONS, LLC** | § § § | **JURY DEMANDED** |

### DEFENDANT FERNANDO ALVAREZ'S
### ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **FERNANDO ALVAREZ**, a/k/a Fernando Alvarez, Jr., Defendant named in the above entitled and numbered cause, and files this his Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### RULE 12(B)(5) OBJECTION

1.      Defendant files this Answer pursuant to Federal Rule of Civil Procedure 81(c)(2)(C). However, Defendant objects pursuant to Federal Rule of Civil Procedure 12(b)(5). Defendant has not been served by Plaintiffs with citation and Plaintiffs' Original Petition, as required by Texas law.

### II.

### RESPONDING TO ALLEGATIONS IN THE COMPLAINT

2.      The paragraphs in Plaintiffs' Original Petition are not numbered, but the petition is divided into numbered sections. Defendant will respond to Plaintiffs' allegations by

numbering the paragraphs within each section, as follows: paragraph 1 in Section I; paragraphs

2–6 in Section II; paragraphs 7–11 in Section III; paragraphs 12–17 in Section IV; paragraph 18

in Section V; paragraphs 19–20 in Section VI; paragraph 21 in Section VII; paragraphs 22–23 in

Section VIII; paragraph 24 in Section IX; paragraph 25 in Section X; paragraph 26 in Section XI;

paragraph 27 in Section XII; paragraph 28 in Section XII [sic]; and paragraph 29 in Section XIII.

3.      Defendant asserts that the allegations in paragraphs 1, 7, 11, and 28 deal with

procedural rules in Texas state court, which are not applicable in this removed proceeding. To

that extent, those allegations are denied. Defendant reserves the right to further admit or deny if

any additional response is ordered.

4.      Defendant asserts that paragraph 27 merely references Texas state court discovery

requests attached to the petition. Defendant denies that he is required to respond to those requests

in this removed action, and further denies that any part of those requests constitute pled

allegations by Plaintiffs to which Defendant must admit or deny. Defendant reserves the right to

further admit or deny if any additional response is ordered.

5.      Defendant denies that Plaintiffs are entitled to any of the relief requested in

paragraph 29. Defendant otherwise asserts that this paragraph constitutes a request for relief,

rather than an allegation by Plaintiffs to which Defendant must admit or deny. Defendant

reserves the right to further admit or deny if any additional response is ordered.

6.      Defendant denies the allegations in paragraphs 4, 18, 19, 20, and 26.

7.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraphs 2, 3, 5, 6, 10, 15, 16, 17, 22, and 23.

8.      Defendant denies the allegation in paragraph 9 that Pelletier negligently entrusted

a vehicle to Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

9.      Defendant denies the allegation in paragraph 24 that any defendant was negligent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

10.     Defendant denies the allegation in paragraph 25 that any defendant was negligent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

11.     Defendant admits he conducted activities in Texas, including by operating a motor vehicle, on or about March 15, 2013, as alleged in paragraph 8. Defendant denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

12.     Defendant admits he was driving a rented Chevy Suburban northbound on Congress Avenue and stopped for a red light at the intersection with 6th Street, on or about March 15, 2013, as alleged in paragraph 12. Defendant denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

13.     Defendant admits stopping the vehicle approximately one block after the intersection of Congress Avenue and 6th Street, exiting the vehicle, and walking on or about March 15, 2013, as alleged in paragraph 13. Defendant denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

14.     Defendant admits that Pelletier initially reserved the Chevy Suburban for rental that Defendant was driving on or about March 15, 2013, as alleged in paragraph 14. Defendant denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of

the paragraph.

15.     Defendant admits that Pelletier initially reserved the Chevy Suburban for rental that Defendant was driving on or about March 15, 2013, as alleged in paragraph 21. Defendant denies or lacks knowledge or information sufficient to form a belief about the truth of the rest of the paragraph.

## III.

## AFFIRMATIVE DEFENSES

### ASSUMPTION OF RISK

16.     Defendant affirmatively pleads that Plaintiffs, by voluntarily entering into proper vehicle traffic, assumed the risk and, therefore, Plaintiffs are barred from recovery.

### CONTRIBUTORY NEGLIGENCE

17.     Defendant affirmatively pleads that Plaintiffs' injuries, if any, were caused by Plaintiffs' own negligence as a pedestrian, which bars, in whole or in part, any recovery from Defendant.

### PROPORTIONATE RESPONSIBILITY

18.     Defendant pleads that other parties and/or non-parties, including Plaintiffs, caused Plaintiffs' injuries, if any, and Defendant is entitled to all related defenses, including reduction of damages, credits for settlements, joint and several liability, contribution, and indemnity.

### SECTION 18.091

19.     Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be

presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs is subject to federal or state income taxes.

## SECTION 41.0105

20.     Defendant invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs seek recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. Defendant further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## IV.

## RIGHT TO AMEND

21.     Defendant reserves the right to amend this Answer in accordance with Federal Rule of Civil Procedure 15 and/or the scheduling order entered in this matter.

## V.

## JURY DEMAND

22.     In accordance with Federal Rules of Civil Procedure 38 and 39, Defendant demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **FERNANDO ALVAREZ** prays that the Plaintiffs take nothing by this suit, that Defendant go hence with his costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**


  */s/ Michael P. Sharp*
**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 (Fax)


**JEFFREY D. BOYD**
State Bar No. 24069404
jboyd@feesmith.com
816 Congress Avenue, Suite 1265
Austin, Texas 78701
(512) 479-8400
(512) 479-8402 (Fax)

**ATTORNEYS FOR DEFENDANT
FERNANDO ALVAREZ**


## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 28th day of April, 2015 as follows:

***Via Certified Mail/RRR***
Jeremy R. Thompson
Robson Law Firm
1114 Lost Creek Boulevard, Suite 440
Austin, TX 78746


  */s/ Michael P. Sharp*
**MICHAEL P. SHARP/JEFFREY D. BOYD**